# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| JAMES ROBERT HUNT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-19-407-J |
| DR. FRED SANDERS, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, has filed a civil rights complaint [Doc. No. 1] pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs. Defendants have filed a motion for summary judgment [Doc. No. 26] and the Court-ordered Special Report [Doc. No. 24], and though he was given additional time to do so [Doc. No. 28], Plaintiff did not respond to the motion. Having reviewed the motion and facts in the record, the Court GRANTS summary judgment.

**I.     Undisputed Facts**

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and is currently housed at Cimarron Correctional Facility (CCF). Prior to his transfer to CCF, Plaintiff was housed at Davis Correctional Facility (DCF), where the events giving rise to this case occurred. *See* Compl. at 6-9.[1]

While at DCF, Plaintiff received medical care for severe headaches and migraines. Special Report, Ex. 2 [Doc. No. 24-2] at 3-4. That care included a prescription for Excedrin. *Id*. In 2017, Plaintiff was diagnosed with Hepatitis C liver disease. *Id*. at 3. Plaintiff claims that medical

---

[1] All pagination reflects this Court's CM/ECF page numbers.

personnel continued to prescribe him Excedrin after his diagnosis, resulting in severe liver damage. Compl. at 6-9.

Plaintiff filed a request to staff in April of 2019 complaining about the liver damage. Special Report, Ex. 5 [Doc. No. 24-5] at 8. Plaintiff was not satisfied with the response he received and filed a formal grievance. *Id*. at 7. In that grievance, Plaintiff requested that the DCF discuss settlement for his claim. *Id*. The grievance was returned as improper because it was submitted on the wrong form and because it requested monetary compensation. *Id*. at 5-6. Rather than re-submitting the grievance, Plaintiff submitted an appeal. *Id*. at 3-4. The facility found that Plaintiff forfeited his right to proceed in the grievance process because he did not resubmit his grievance within the appropriate time period. *Id*. at 2. There are no further grievances or appeals related to this issue.

## II. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Because Defendants assert an affirmative defense in their motion for summary judgment, they "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If they meet their initial burden, Plaintiff "must then demonstrate with specificity the existence of a disputed material fact." *Id*. To succeed at this stage, Plaintiff must present some evidence, other than his initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Celotex*, 477 U.S. at 324 (noting Rule 56 "requires the nonmoving party to go

beyond the pleadings and by [his] own affidavits, or by [other evidence] designate 'specific facts showing that there is a genuine issue for trial'" (citation omitted)). Of course, in evaluating the motion for summary judgment, the Court must consider the evidence in the light most favorable to Plaintiff (the nonmovant) and draw all reasonable inferences from those facts in favor of him. *See Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009).

## III. Analysis

As noted, Defendants' motion for summary judgment is based in part on Plaintiff's nonexhaustion of administrative remedies. The Court grants the motion.[2]

### A. Exhaustion Requirements.

The Prison Litigation Reform Act of 1995 (PLRA) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Moreover, exhaustion "means using all steps that the agency holds out[] and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted); *see also Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient."). Thus, "'[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim.'" *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

---

[2] Because the Court's conclusion on the exhaustion issue is dispositive, the Court need not address Defendants' other arguments.

**B.    ODOC's Exhaustion Procedure.**

ODOC's grievance policy sets out a multi-step process through which an inmate can exhaust their administrative remedies.[3] First, the inmate must try to resolve their issue informally by discussing their issue with staff. Special Report, Ex. 3 at 8. If that discussion fails to resolve the issue, the inmate must then submit a "request to staff" detailing their complaint. *Id*. at 6.

The inmate's next step—if there is no informal resolution—is to submit a formal grievance. *Id*. at 9. In private prisons, grievances are submitted to the facility administrator. *Id*. at 10. Grievances must be submitted properly and within the required time period. *Id*. at 9-10. When a grievance is not submitted properly, the facility administrator cannot answer the grievance. *Id*. at 10. Instead, the facility administrator must notify the inmate that the grievance was submitted improperly and give the inmate one opportunity to correct and resubmit the grievance within 10 days. *Id*. at 12. If an inmate fails to correct or properly resubmit the grievance in the required time period the inmate waives any opportunity to continue the grievance process on that issue. *Id*.

The final step, assuming the inmate has not received relief regarding a properly submitted grievance, is to submit an appeal either to the Administrative Review Authority (for non-medical issues) or the Medical Administrative Review Authority (for medical issues). *Id.* at 13-14. If the appeal is improperly submitted, the relevant Review Authority will return the appeal unanswered, notify the inmate that the appeal was improperly submitted, and give the inmate 10 days to correct the errors and resubmit. *Id*. at 14. As with the formal grievance, failure to correct and resubmit an appeal acts as a waiver of further administrative remedies. *Id.* An inmate can only achieve

---

[3] ODOC inmates housed in private prisons may use the ODOC grievance procedures. Special Report, Ex. 3 [Doc. No. 24-3] at 3, 5; *see also Williams v. Hill*, 422 F. App'x 682, 684 (10th Cir. 2011) (the ODOC grievance policy sets out the process for exhausting administrative remedies in private prisons).

complete exhaustion of ODOC's administrative remedies by receiving a final ruling on their appeal. *Id*. at 15-16.

## C. Plaintiff's Failure to Exhaust.

Defendants have presented sufficient facts to establish their exhaustion defense, as the facts in the record show that Plaintiff did not properly complete the exhaustion process. Although he properly submitted a request to staff on April 9, 2019, Plaintiff's subsequent grievance was returned unanswered for failing to comply with the grievance policy. Special Report, Ex. 5 at 7-8. Plaintiff should have corrected the grievance and resubmitted it pursuant to the grievance policy. Special Report, Ex. 3 at 12. But rather than correct the grievance, Plaintiff filed an appeal on June 11, 2019. Special Report, Ex. 5 at 2-4. The Medical Administrative Review Authority, in accordance with the grievance policy, returned the appeal unanswered and concluded that Plaintiff had forfeited his right to pursue further administrative remedies on that issue. Special Report, Ex. 3 at 12; Ex. 5 at 2-4. These facts establish that while Plaintiff made some effort to pursue his administrative remedies, he failed to properly exhaust those remedies in accordance with ODOC policy.

Based on the foregoing, the Court finds both that Defendants have met their burden of establishing Plaintiff did not properly and completely exhaust his administrative remedies and that Plaintiff did not offer any argument or evidence to dispute that material fact. Accordingly, even construing the evidence in a light most favorable to Plaintiff, Defendants are entitled to summary judgment. *See Beals v. Jay*, 730 F. App'x 633, 635-38 (10th Cir. 2018) (affirming the district court's granting of summary judgment for the inmate's failure to exhaust administrative remedies where the "district court found no evidence that [plaintiff] appealed the denial of his grievances" or otherwise properly completed the exhaustion process).

## IV. Conclusion

The Court finds that there are no disputes of material fact and that the undisputed facts establish that Defendants are entitled to summary judgment as a matter of law on all claims. Defendants' motion for summary judgment [Doc. No. 26] is therefore GRANTED. Judgment will be entered for Defendants.[4]

IT IS SO ORDERED this 23rd day of January, 2020.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[4] This order also renders Plaintiff's pending motion for internet access [Doc. No. 21] moot.